# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-08-CR-006 LY |
| | § | |
| ENRIQUE SANDOVAL | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
   UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on January 13, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On March 17, 2005, the Defendant was sentenced by Judge George Kazen of the Laredo Dvision of the Southern District of Texas to 63 months of imprisonment and five years of supervised release for possession with the intent to distribute approximately 249 pounds of marijuana, in violation of 21 U.S.C. § 841. The Defendant's supervision commenced on November 19, 2005.

The Defendant apparently performed well on supervision for two years. On November 23, 2007, however, the Defendant was arrested and charged with aggravated assault and indecency with a child, which were alleged to have occurred in Williamson County, Texas. A warrant for the

Defendant's arrest was authorized by Judge Kazen on December 13, 2007. On February 1, 2008, the case was then transferred to this district, and assigned to Judge Yeakel. The Defendant pled not guilty to the charges, and the case went to a trial in Williamson County, at which the jury found the Defendant guilty of two counts of indecency with a child by contact, and one count of aggravated assault with a deadly weapon. The Defendant was sentenced to 35 years in the Texas Department of Criminal Justice. He has appealed his conviction, and that appeal remains pending at this time.[1]

The Defendant was transferred into federal custody on December 21, 2009, and on January 13, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant did not contest the violation alleged against him.

## II. FINDINGS OF THE COURT

1.	The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.	The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.	The Defendant received a copy of the Petition naming him, and he read it.

---

[1] The undersigned noted the apparent prematurity of this proceeding, given the pending direct appeal of the conviction that is the basis of the Petition. After conferring with his counsel, however, the Defendant stated that he preferred to have the matter adjudicated now, given that he did not wish to incur the consequences of having a federal detainer placed against him at TDC, as that affects his privileges and time-earning ability at TDC. Thus, in the event that the Defendant's conviction is reversed by the Third Court of Appeals in Austin, the Defendant will have to file a petition pursuant to 28 U.S.C. § 2255 to seek to set aside any judgment revoking his supervised release in this case.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, including offering the judgment of conviction on the Williamson County case. The Defendant did not contest the fact that he had been convicted by a jury of the named offenses, but he did not admit that he was guilty of those offenses.

9. The Defendant violated conditions of his supervised release by committing new state law violations, specifically two counts of indecency with a child by contact and aggravated assault with a deadly weapon.

III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 15 to 21 months of imprisonment. Having considered all of the above, and having considered the fact that, if his conviction is affirmed, the earliest that the

Defendant will be eligible for parole on the state sentence will be in 17½ years, the undersigned RECOMMENDS that the Defendant be sentenced to 21 months of imprisonment, with no supervised release to follow. The Court FURTHER RECOMMENDS that this sentence run consecutive to the Defendant's state sentence.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE